Filed 7/20/22  P. v. Ramirez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDY RAMIREZ,<br><br>    Defendant and Appellant. | B313179<br><br>(Los Angeles County<br>Super. Ct. No. BA137794-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Deborah S. Brazil, Judge.  Affirmed.

Patrick J. Hoynoski, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Edy Ramirez appeals from an order denying his petition to vacate his murder conviction and to be resentenced under Penal Code section 1170.95.[1]  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, raising no issues.  Ramirez then filed a supplemental brief that raised several arguments, none of which has merit.  Because the jury in Ramirez's underlying trial was not instructed on felony murder or the natural and probable consequences doctrine, we affirm.

### FACTS

On September 1, 1996, Carlos Salgado died from gunshot wounds.[2]  The District Attorney charged Roberto Esquivel and Ramirez with Salgado's murder.  At trial, the evidence showed Esquivel fired four fatal shots at Salgado, while Ramirez drove the car in a drive-by shooting.

A jury found Ramirez guilty of first degree murder (§ 187, subd. (a).)  The jury also found true that a principal in the murder was armed with a deadly weapon (§ 12022, subd. (a)(1)) and the murder was intentional and perpetrated by means of discharging a firearm from a motor vehicle.  (§ 190.2, subd. (a)(21).)

---

[1]     Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).  For convenience, we continue to refer to the former number in this opinion.  All further statutory references are to the Penal Code.

[2]     This truncated recitation of the facts of the underlying case is taken from the opinion affirming the judgment against Ramirez, *People v. Ramirez* (Dec. 18, 1998, B118111) [nonpub. opn.].

2

On February 19, 2020, Ramirez filed a petition for resentencing pursuant to section 1170.95. In the form petition, Ramirez indicated he had been convicted of first or second degree murder at trial under the felony murder rule or the natural and probable consequences doctrine. He also requested counsel and one was appointed.

The People filed a response arguing that Ramirez was ineligible for relief under section 1170.95 because he was prosecuted and convicted as a direct aider and abettor who had the specific intent to kill. The response included the jury instructions given at trial — there were no felony murder or natural and probable consequences instructions.

After Ramirez failed to file a reply within 30 days of the response, the trial court dismissed the petition on the grounds advanced by the People. It subsequently granted Ramirez's motion for reconsideration and allowed him to file a reply. In his reply, Ramirez argued the jury was instructed on a natural and probable consequences theory under CALJIC No. 8.11 because that instruction stated that malice is implied when, among other things, "[t]he natural consequences of the act are dangerous to human life." Ramirez also argued CALJIC No. 8.81.21, which instructed the jury on the special circumstance allegation of murder by means of an intentional discharge of a firearm from a motor vehicle, did not apply to Ramirez because it only addressed the perpetrator's intent, not the aider and abettor's. Ramirez argued the jury's special circumstance finding could not render him ineligible for relief under section 1170.95 because it was

3

issued prior to the Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522.[3]

The trial court again denied the petition, reasoning Ramirez was not charged or convicted on a felony murder or natural and probable consequences theory. Instead, he was found guilty as a direct aider and abettor to murder. The record showed the jury was not instructed on either theory but was given CALJIC Nos. 2.02, 3.00 and 3.01, which described the intent required for a principal and an aider and abettor to a crime.

Ramirez appealed, and we appointed counsel to represent him.

## DISCUSSION

When a defendant appeals the denial of postconviction relief and appellate counsel identifies no cognizable issues, the Court of Appeal has "no independent duty to review the record for reasonably arguable issues." (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039, review granted Oct. 14, 2020, S264278.) "However, if the defendant files a supplemental brief, the Court of Appeal is required to evaluate any arguments presented in that brief and to issue a written opinion that disposes of the trial court's order on the merits . . . ." (*Id.* at p. 1040.)

Here, Ramirez's appointed counsel filed an opening brief that raised no issues and asked this court to conduct an independent review in accordance with *People v. Wende, supra,*

---

[3] Ramirez's supplemental brief on appeal does not include all of the arguments he made in his trial court reply memorandum. In the Discussion section of our opinion, we consider only those arguments made in his supplemental brief.

4

25 Cal.3d at page 436. Both counsel and this court advised Ramirez of his right to submit any issues in a supplemental brief. Ramirez filed a letter brief raising several issues.

Ramirez first relies on *People v. Beeman* (1984) 35 Cal.3d 547 and the cases cited within to contend the jury was incorrectly instructed by CALJIC Nos. 3.00 and 3.01 regarding the intent necessary for aiding and abetting liability. This argument is not cognizable in proceedings under section 1170.95. At most, it is a claim of instructional error unrelated to felony murder or natural and probable consequences. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["The mere filing of a section 1170.95 petition does not afford the petitioner a new opportunity to raise claims of trial error . . . ."].) Ramirez also challenges CALJIC Nos. 3.00 and 3.01 on the ground they fail to inform jurors of the possibility that an aider and abettor may be guilty of a lesser offense than the perpetrator. This argument, too, challenges the underlying conviction and may not be asserted by way of a section 1170.95 petition.

Ramirez also contends he has stated a prima facie case under section 1170.95, as amended by Senate Bill No. (SB) 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551). Aside from quoting the language of the amended code section, Ramirez does not explain how SB 775 assists him or why the trial court's ruling was erroneous, even taking into account the amendment. We also reject Ramirez's argument that, because of the amendment, he is entitled to a file a new petition under SB 775. (See *People v. Lewis* (2021) 11 Cal.5th 952, 974; *People v. Coley* (1997) 52 Cal.App.4th 964, 972 ["An appellant has the burden to perfect the appeal and to show error and resulting prejudice"].)

Lastly, Ramirez complains he received ineffective assistance of appellate counsel because his attorney failed to inform him of his right to request that his attorney be relieved. The record discloses otherwise. In a declaration appended to the opening brief, appellate counsel affirmed he "informed appellant that he may request the court to relieve me as counsel in this case." Nothing in the record suggests counsel acted inappropriately, and Ramirez's request that appellate counsel be relieved is denied

We have reviewed the record and are satisfied that appointed counsel has fully complied with his responsibilities and no arguable issues exist. (*People v. Cole, supra*, 52 Cal.App.5th at pp. 1039–1040; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; *People v. Wende, supra*, 25 Cal.3d at p. 441.)

### ***DISPOSITION***

The order denying Ramirez's section 1170.95 petition for resentencing is affirmed.


RUBIN, P. J.

WE CONCUR:


MOOR, J.


KIM, J.

6